IN THE UNITED STATES DISTRICT COURT

                          FOR THE DISTRICT OF OREGON

                              PORTLAND DIVISION


**DUANE BAULEY and APRIL BAULEY,**                3:10-CV-01034-JE

           Plaintiffs,                            ORDER

v.

**METLIFE HOME LOANS, a division
of MetLife Bank, NA, a New
Jersey headquartered National
Bank; FEDERAL NATIONAL MORTGAGE
ASSOCIATION, a Delaware corporation;
FIRST AMERICAN TITLE INSURANCE
COMPANY, a California corporation;
WELLS FARGO HOME MORTGAGE, a
division of Wells Fargo Bank, NA,
a South Dakota headquartered
National Bank,**

           Defendants.


**BROWN, Judge.**

    Magistrate Judge John Jelderks issued Findings and

1 - ORDER

Recommendation (#66) on January 10, 2012, in which he recommends this Court grant Plaintiffs' Motion (#53) for Partial Summary Judgment, grant Defendant/Cross-Claimant Wells Fargo Motion (#50) for Summary Judgment on Cross Claim, and declare the nonjudicial foreclosure sale of the real property at issue in this action is null and void and that neither MetLife nor Federal National Mortgage Association (Fannie Mae) has any interest in the real property.  The matter is now before this Court pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b).

Because no objections to the Magistrate Judge's Findings and Recommendation were timely filed, this Court is relieved of its obligation to review the record *de novo*.  *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*).  *See also United States v. Bernhardt*, 840 F.2d 1441, 1444 (9th Cir. 1988).  Having reviewed the legal principles *de novo*, the Court does not find any error.  In addition, the Court agrees with the Magistrate Judge's following clarification with respect to Plaintiffs' Motion:

> In recommending that plaintiffs' motion for partial summary judgment be granted, I do not intend to in any way imply that the conclusion that the Trust Deed was "conclusively" released means that any unpaid portion of the loan secured by the Trust Deed has been extinguished.  I likewise do not intend to in any way imply that, if plaintiffs ultimately obtain a declaration that they are " the owners" of the Property, that

2 - ORDER

> ownership excludes liability for any portion of
> the debt formerly secured by the Trust Deed that
> they have not paid.

Findings and Recommendation at 13.

## CONCLUSION

The Court **ADOPTS** Magistrate Judge Jelderks's Findings and Recommendation (#66). Accordingly, the Court

(1) **GRANTS** Defendant/Cross-Claimant Wells Fargo's Motion (#50) for Summary Judgment on Cross Claim;

(2) **GRANTS** Plaintiffs' Motion (#53) for Partial Summary Judgment with the caveat that the Court does not hold that any unpaid portion of the loan secured by the Trust Deed has been extinguished or that if Plaintiffs ultimately obtain a declaration that they are "the owners" of the property at issue, their ownership excludes liability for any portion of the debt formerly secured by the Trust Deed that they have not paid; and

(3) **DECLARES** the nonjudicial foreclosure sale of property at issue is null and void and neither MetLife nor Federal National Mortgage Association (Fannie Mae) has

3 - ORDER

any interest in the real property.

IT IS SO ORDERED.

DATED this 21st day of February, 2012.

/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge

4 - ORDER